■ In the Matter of the Claim of JOSEPH ABBO, Respondent, v. TITANIUM ALLOY MANUFACTURING DIVISION — NATIONAL LEAD COMPANY, Appellant.

WORKMEN'S COMPENSATION BOARD, Respondent.— STALEY, JR., J.   Appeal by the Titanium Alloy Manufacturing Division of National Lead Company, a self-insured employer, from a decision of the Workmen's Compensation Board which affirmed the Referee's decision that the claimant became totally and permanently disabled on February 19, 1961, as a result of an occupational disease in the nature of pneumoconiosis and silicosis.   The claimant was employed by the appellant from 1936 to December 28, 1960 as a furnace man.   The appellant concedes that, during the period of employment, the claimant was exposed to a high concentration of zirconium, and a low concentration of silica of 1% or less.   The appellant contends that the claimant was not exposed to an injurious dust hazard during his employment from 1936 to 1960.   The basis of this contention is that, in the tests made over the years, there has never been a report of toxicity due to non-water soluble zirconium, and that exposure to such a low concentration of free silica is not harmful.   Under section 47 of the Workmen's Compensation Law "Any exposure to the hazards of harmful dust in this state for a period of sixty days" is "presumed, in the absence of substantial evidence to the contrary, to be an injurious exposure."   It is true in this claim that there is some evidence that exposure to zirconium oxide is not harmful, but there is no such conclusion as to exposure to a 1% or less concentration of free silica, or to exposure to such a concentration of free silica in combination with a high concentration of zirconium oxide.   Dr. Brock, a member of the Board of Chest Consultants for the Workmen's Compensation Board, who examined the claimant on two different occasions, reported that the claimant was totally and permanently disabled on the basis of a mixed dust pneumoconiosis due to the inhalation of zirconium oxide and silica, pulmonary emphysema, and chronic bronchitis causally related to his occupation.   The decision of the board is supported by substantial evidence of exposure to a harmful dust over a period of 24 years, and the courts may not interfere.   (*Matter of Szatkowski* v. *Bethlehem Steel Co.*, 1 A D 2d 716.)   Decision affirmed, with costs to the Workmen's Compensation Board.   Gibson, P. J., Herlihy and Reynolds, JJ., concur with Staley, Jr., J.